MCGREGOR W. SCOTT
United States Attorney
JEFFREY A. SPIVAK
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>(1) JOEL JUAREZ (aka JOEL JUAREZ-LOPEZ, aka WUILBER LOPEZ-RODRIGUEZ, aka WILBERT LOPEZ-RODRIGUEZ), (2) DELFINA LEON FELIX, (3) ERICK LOPEZ, and<br>(4) CHARLEY NOEL LEON-MACHADO,<br><br>Defendants. | CASE NO. 1:19-CR-00177-NONE-SKO<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE: April 20, 2020<br>TIME: 1:00 p.m.<br>COURT: Hon. Sheila K. Oberto |

This case is set for status conference on April 20, 2020. On March 17, 2020, this Court issued General Order 611, which suspends all jury trials in the Eastern District of California scheduled to commence before May 1, 2020. This General Order was entered to address public health concerns related to COVID-19.

Although the General Order addresses the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

1  judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either
2  orally or in writing").

3  Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory
4  and inexcusable—the General Order requires specific supplementation.  Ends-of-justice continuances
5  are excludable only if "the judge granted such continuance on the basis of his findings that the ends of
6  justice served by taking such action outweigh the best interest of the public and the defendant in a
7  speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets
8  forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice
9  served by the granting of such continuance outweigh the best interests of the public and the defendant in
10 a speedy trial." *Id.*

11 The General Order excludes delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code
12 T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,
13 natural disasters, or other emergencies, this Court has discretion to order a continuance in such
14 circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance
15 following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court
16 recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United*
17 *States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the
18 September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a
19 similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

20 In light of the societal context created by the foregoing, this Court should consider the following
21 case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-
22 justice exception, § 3161(h)(7) (Local Code T4).  If continued, this Court should designate a new date
23 for the [event].  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial
24 continuance must be "specifically limited in time").

25                                    **STIPULATION**

26 Plaintiff United States of America, by and through its counsel of record, and defendant, by and
27 through defendant's counsel of record, hereby stipulate as follows:

28     1.      By previous order, this matter was set for status on April 20, 2020.

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

2. By this stipulation, defendant now moves to continue the status conference until July 20, 2020, and to exclude time between April 20, 2020, and July 20, 2020, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

a) The government has represented that the discovery associated with this case is voluminous and includes hours of recordings from controlled purchases, tens of investigative reports, hundreds of pictures, and other evidence.  This case was a lengthy narcotics investigation that lasted nearly a year.  All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

b) Counsel for defendant desires additional time to consult with his client, review the charges, conduct investigation and research, review discovery and discuss potential resolution of the case.

c) Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d) The government does not object to the continuance.

e) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

f) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of April 20, 2020 to July 20, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

///
///
///
///

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

| Dated: April 14, 2020 | McGREGOR W. SCOTT<br>United States Attorney |
|---|---|
| | /s/ JEFFREY A. SPIVAK<br>JEFFREY A. SPIVAK<br>Assistant United States Attorney |
| Dated: April 14, 2020 | /s/ Virna Santos<br>Virna Santos<br>Counsel for Defendant<br>Joel Juarez<br>(As approved by email 4/14/2020) |
| Dated: April 14, 2020 | /s/ Mark Coleman<br>Mark Coleman<br>Counsel for Defendant<br>Delfina Leon<br>(As approved by email 4/14/2020) |
| Dated: April 14, 2020 | /s/ Monica Bermudez<br>Monica Bermudez<br>Counsel for Defendant<br>Erick Lopez<br>(As approved by email 4/14/2020) |
| Dated: April 14, 2020 | /s/ Dale Blickensetaff<br>Dale Blickenstaff<br>Counsel for Defendant<br>Charley Leon-Machado<br>(As approved by voicemail 4/14/2020) |

**ORDER**

IT IS SO ORDERED.

Dated: __**April 16, 2020**__               /s/ *Sheila K. Oberto*
                                         UNITED STATES MAGISTRATE JUDGE