IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No.  1:19-cr-00177-DAD-SKO |
| Plaintiff, | ) ORDER |
| vs. | ) |
| JOEL JUAREZ | ) |
| Defendant. | ) |

The Defendant Juarez has moved, through counsel and pursuant to 18 U.S.C. § 4241, that the court order that a psychiatric or psychological examination be conducted and that a report be filed pursuant to the provisions of 18 U.S.C. §§ 4247 (b) and (c) to assist the court in determining whether defendant Juarez lacks the present ability to consult with counsel in a meaningful way and whether he is unable to properly assist in his defense.  Defendant Juarez has also moved to have all pretrial deadlines reset after it is determined whether he is competent to proceed.

On June 11, 2021, the court held a hearing on that motion and heard the views of counsel for defendant Juarez, counsel for the government and from defendant Juarez himself.   Where the Court is presented with representations which form reasonable cause to believe the defendant lacks the mental fitness to proceed, whether by motion, by facts coming before it, or through its own observations, the Court is mandated to order a psychiatric or psychological exam.  *See generally Chavez v. United States*, 656 F.2d 512, 516-18 (9th Cir.1981).  Based upon the defense

Motion for Competency

motion as expounded upon at the hearing, the views of counsel for the government, and defendant's conduct at the hearing, the court concludes that it has reasonable cause to believe that defendant Juarez lacks the mental fitness to proceed and assist properly in his defense. Specifically, there is a reasonable basis to believe that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Accordingly, the court will grant defendant's motion for a determination of his competency (Doc. No. 101).

Accordingly, pursuant to 18 U.S.C. §4241(b):

1. All pretrial deadlines as to defendant Juarez are stayed and his trial continued until he is found to be competent;

2. A psychiatric or psychological examination of defendant Juarez be conducted and that a psychiatric or psychological report be filed with the court pursuant to the provisions of 18 U.S.C. §4247(b) and (c);

3. Defendant Juarez is committed to the custody of the Attorney General committed to the custody of the U.S. Bureau of Prisons for the period of examination for placement in a suitable facility, and the U.S. Marshal's Service is directed to transfer him to a suitable facility for examination, with the court recommending a suitable facility within reasonable proximity to this District;

4. Defendant Juarez shall submit to a psychiatric or psychological examination by an examiner chosen by the Bureau of Prisons who is designated as an examiner under the provisions of 18 U.S.C. § 4247(b);

5. The psychiatric or psychological report ordered shall be prepared by the Bureau of

Prisons and shall be filed with the Court with copies provided to counsel for the Defendant and to the attorney for the Government, and shall include: (a) the person's history and present symptoms; (b) a description of the psychiatric, psychological and medical tests employed and their results; (c) the examiner's findings; and (d) the examiner's opinions as to diagnosis, prognosis, and (e) whether the person is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

6. Defendant Juarez, through his lawyer Ryan Roth, shall forward copies of any and all available hospital, medical, psychological and psychiatric reports to the examiner. The government, through the U.S. Attorney and the U.S. Pretrial and Probation Offices, are authorized to submit to the Bureau of Prisons copies of available pretrial services and presentence reports, along with applicable case-related discovery materials and reports of any previous psychiatric and psychological reports;

7. A copy of this order shall be provided to the U.S. Marshal's Office which shall make arrangements as necessary for the examination of the Defendant;

8. A copy of this Order shall be provided to the U.S. Bureau of Prisons;

9. Upon the completion of the examination, the U.S. Bureau of Prisons shall notify the Court, in writing, of the completion of the examination;

10. In accordance with Federal Rule of Criminal Procedure 12.2(c)(4), "[n]o statement made by the defendant in the course of any examination conducted under this rule (whether conducted with or without the defendant's consent), no testimony by the expert based on the statement, and no other fruits of the statement may be admitted into evidence against the defendant in any criminal proceeding except on an issue regarding mental condition on which the defendant: (A) has introduced evidence of incompetency

Motion for Competency

or evidence requiring notice under Rule 12.2(a) or (b)(1), or (B) has introduced expert evidence in a capital sentencing proceeding requiring notice under Rule 12.2(b)(2);" and

    11.  Time is excluded, as indicated on the record, pursuant to 18 U.S.C. §§ 3161(h)(1)(A) and 3161(h)(7)(B)(iv).

IT IS SO ORDERED.

Dated:   **June 11, 2021**                   /s/ Dale A. Drozd
                                                UNITED STATES DISTRICT JUDGE