PHILLIP A. TALBERT
Acting United States Attorney
JEFFREY A. SPIVAK
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>(1) JOEL JUAREZ,<br><br>Defendants. | CASE NO. 1:19-CR-00177-NONE-SKO<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE: August 6, 2021<br>TIME: 1:00 p.m.<br>COURT: Hon. Dale A. Drozd |

This case is set for status conference on August 6, 2021. On May 13, 2020, this Court issued General Order 618, which suspends all jury trials and extends the Courthouse closure in the Eastern District of California until further notice. This and previous General Orders were entered to address public health concerns related to COVID-19.

Although the General Order addresses the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—the General Order requires specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The General Order excludes delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).  If continued, this Court should designate a new date for the [event].  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.      On June 2, 2021, defense counsel filed a motion for competency evaluation/hearing. (ECF #101).

2.      On June 11, 2021, after a hearing, the Court entered a written order granting the

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

defendant's motion for a competency evaluation, ordered the defendant committed to the custody of the Bureau of Prisons (BOP) for an evaluation, set a status conference for August 6, 2021, and excluded time under the Speedy Trial Act through August 6, 2021.  (ECF #108).

3.      On June 21, 2021, defendant arrived at the Metropolitan Detention Center (MDC).

4.      On July 15, 2021, the BOP submitted a letter to the Court providing an update on the status of defendant's competency evaluation.  The letter indicated that due to COVID-19 pandemic, MDC is placing all new arrivals in quarantine, and that the COVID-19 pandemic has created other delays for MDC, and that MDC is operating under modified operations.  The BOP letter indicated that BOP expects defendant's evaluation to be completed by August 25, 2021, and a report completed by September 15, 2021.

5.      By this stipulation, defendant now moves to continue the status conference until September 24, 2021, and to exclude time between August 6, 2021, and September 24, 2021, under Local Code T4, and under 18 U.S.C. § 3161(h)(1)(A).

6.      The parties agree and stipulate, and request that the Court find the following:

a)      The government has represented that the discovery associated with this case is voluminous and includes hours of recordings from controlled purchases, tens of investigative reports, hundreds of pictures, and other evidence.  This case was a lengthy narcotics investigation that lasted nearly a year.  All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

b)      Counsel for defendant desires additional time to consult with his/her client, review the charges, conduct investigation and research, review discovery and discuss potential resolution of the case.   Counsel for defendant believes that the competency evaluation is necessary before counsel can effectively review the evidence and case with the defendant.

c)      Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d)      The government does not object to the continuance.

e)      Based on the above-stated findings, the ends of justice served by continuing the

1   case as requested outweigh the interest of the public and the defendant in a trial within the

2   original date prescribed by the Speedy Trial Act.

3           f)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

4   et seq., within which trial must commence, the time period of August 6, 2021 to September 24,

5   2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code

6   T4] because it results from a continuance granted by the Court at defendant's request on the basis

7   of the Court's finding that the ends of justice served by taking such action outweigh the best

8   interest of the public and the defendant in a speedy trial.

9           g)      The parties further stipulate and agree that such time is properly excluded under

10  18 U.S.C. § 3161(h)(1)(A) ("delay resulting from any proceeding, including any examinations,

11  to determine the mental competency or physical capacity of the Defendant").

12          h)      Finally, counsel for the defendant agrees and requests that Court order that BOP

13  continue its competency evaluation, and keep defendant in its custody for this purpose, and

14  waives any rights under 18 U.S.C. § 4247(b) for a more prompt competency evaluation.

15          7.      Nothing in this stipulation and order shall preclude a finding that other provisions of the

16  Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

17  must commence.

18          IT IS SO STIPULATED.

19  Dated:  July 16, 2021                           McGREGOR W. SCOTT
                                                     United States Attorney
20

21                                                  /s/ JEFFREY A. SPIVAK
                                                    JEFFREY A. SPIVAK
22                                                  Assistant United States Attorney

23

24  Dated:  July 16, 2021                           /s/ Ryan Roth
                                                     Ryan Roth
25                                                   Counsel for Defendant
                                                     Joel Juarez
26

27

28

1

**ORDER**

2

IT IS SO ORDERED.

3

    Dated:   **July 19, 2021**

4

UNITED STATES DISTRICT JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28