PHILLIP A. TALBERT
Acting United States Attorney
JEFFREY A. SPIVAK
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>(1) JOEL JUAREZ,<br><br>Defendants. | CASE NO. 1:19-CR-00177-NONE-SKO<br><br>STIPULATION (1) TO SET COMPETENCY EVALUATION, (2) TO EXCLUDE TIME PERIODS UNDER SPEEDY TRIAL ACT, AND (3) FOR UNITED STATES MARSHALS SERVICE TRANSPORTATION ORDER;<br><br>FINDINGS AND ORDER<br><br>DATE: September 24, 2021<br>TIME: 9:30 a.m.<br>COURT: Hon. Dale A. Drozd |

This case is set for status conference on September 24, 2021. The parties are requesting the Court (1) continue the September 24, 2021 to November 12, 2021 and set the matter for a competency evaluation that day, (2) exclude time between September 24, 2021 and November 12, 2021 under the Speedy Trial Act, and (3) order the United States Marshals Service to transport the defendant back to the Eastern District of California to attend the November 12, 2021 hearing.

On May 13, 2020, this Court issued General Order 618, which suspends all jury trials and extends the Courthouse closure in the Eastern District of California until further notice. This and previous General Orders were entered to address public health concerns related to COVID-19.

Although the General Order addresses the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—the General Order requires specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Order excludes delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). If continued, this Court should designate a new date for the [event]. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. On June 2, 2021, defense counsel filed a motion for competency evaluation/hearing. (ECF #101).  Between June 2021 and September 2021, Defendant underwent a competency evaluation at the Metropolitan Detention Center (MDC).  On September 15, 2021, the BOP advised the Court it had completed its competency evaluation.

2. By this stipulation, defendant now moves to set a competency evaluation on November 12, 2021, continue the September 24, 2021 status conference until November 12, 2021, and to exclude time between September 24, 2021, and November 12, 2021, under Local Code T4, and under 18 U.S.C. § 3161(h)(1)(A).

3. The parties are also requesting the Court order the United States Marshals Service to transport Defendant from the MDC to the November 12, 2021 hearing in Fresno.

4. The parties agree and stipulate, and request that the Court find the following:

    a) The government has represented that the discovery associated with this case is voluminous and includes hours of recordings from controlled purchases, tens of investigative reports, hundreds of pictures, and other evidence.  This case was a lengthy narcotics investigation that lasted nearly a year.  All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

    b) Counsel for defendant desires additional time to consult with his/her client, review the charges, conduct investigation and research, review discovery and discuss potential resolution of the case.  Counsel for defendant also needs additional time to review the BOP competency evaluation.

    c) Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    d) The government does not object to the continuance.

    e) Based on the above-stated findings, the ends of justice served by continuing the

case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

  f) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of September 24, 2021 to November 12, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

  g) The parties further stipulate and agree that such time is properly excluded under 18 U.S.C. § 3161(h)(1)(A) ("delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the Defendant").

5. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  September 20, 2021       McGREGOR W. SCOTT
                  United States Attorney

                  /s/ JEFFREY A. SPIVAK
                  JEFFREY A. SPIVAK
                  Assistant United States Attorney

Dated:  September 20, 2021       /s/ Ryan Roth
                  Ryan Roth
                  Counsel for Defendant
                  Joel Juarez

**[PROPOSED] FINDINGS AND ORDER**

(1) The September 24, 2021 status conference is continued to November 12, 2021 at 9:30 am, and set for a competency evaluation at that date and time.

(2) Time is excluded between September 24, 2021 and November 12, 2021 under the Speedy Trial Act, pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] and 18 U.S.C. § 3161(h)(1)(A).

(3) The United States Marshals Service is ordered to transport the defendant from the MDC to the Eastern District of California to attend the November 12, 2021 hearing.

IT IS SO ORDERED.

Dated: __September 20, 2021__              _____
                                          UNITED STATES DISTRICT JUDGE